**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN J. BLOMQUIST and SHARYL
v. CUMMINGS, husband and wife,

        Plaintiffs - Appellants,

  v.

TOWN OF MARANA, an Arizona
municipal corporation; et al.,

        Defendants - Appellees.

No. 11-16215

D.C. No. 4:09-cv-00671-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

    Plaintiffs Steven Blomquist and Sharyl Cummings appeal from the district

court's order granting summary judgment in favor of the Town of Marana and

several of its police officers. We have jurisdiction under 28 U.S.C. § 1291, and we

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court correctly determined that Plaintiffs' claims against the Town of Marana ("the Town") failed as a matter of law because they lacked a federal constitutional right to picket on the abandoned easement site. At the time of the events giving rise to this suit, the Town Council had abandoned any public right or interest in the easement. Plaintiffs have not challenged that abandonment in this case, and no court has held that the abandonment was improper. The parties have informed us that their settlement of the separate state litigation on that question does not involve a determination that the abandonment was illegal or void.

Given that factual context, Plaintiffs cannot establish "general rights of free speech on property privately owned and used nondiscriminatorily for private purposes only." *Lloyd Corp., Ltd. v. Tanner*, 407 U.S. 551, 568 (1972). That McClintock's restaurant was generally open to members of the public legitimately patronizing it does not entitle Plaintiffs to picket there. *See id.* at 569-70. Plaintiffs' "argument has as its major unarticulated premise the assumption that people who want to... protest[]...have a constitutional right to do so whenever and

2

however and wherever they please.  That concept of constitutional law [has been] vigorously and forthrightly rejected...”  *Id.* at 568.  *See also Wright v. Incline Village Gen. Improvement Dist.*, 665 F.3d 1128, 1138 (9th Cir. 2011).

Even assuming, arguendo, that the public retained some right of access in the abandoned easement, Plaintiffs did not have an unfettered right to picket.  “The existence of a right of access to [even] public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue.”  *Perry Educ.  Ass’n v. Perry Local Educators’ Ass’n*, 460 U.S. 37, 44 (1983).  The record before us reflects that, at most, the easement site is a nonpublic forum, meaning that reasonable government restrictions on the content of speech on the site are permissible.  *See Wright*, 665 F.3d at 1134 (quoting *Preminger v. Peake*, 552 F.3d 757, 765 (9th Cir. 2008)) (“A nonpublic forum is government property that does not ‘by tradition or designation, serve as a forum for public communication.’”).

Because Plaintiffs lacked a federal constitutional right to picket on McClintock’s property, the district court properly granted summary judgment.

II

The district court properly granted summary judgment in favor of the individual defendants as to the alleged Fourth Amendment violations.

"It is well established that 'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.'" *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)). Here, however, the undisputed facts establish that Officer Bennett had probable cause to arrest Blomquist for criminal trespass. Officer Bennett knew that Blomquist had been removed from McClintock's property in the past and was well aware of the ongoing dispute between Plaintiffs, the Town, and Saguaro Ranch concerning the easement. He was dispatched to McClintock's in response to a call from the restaurant manager complaining that Blomquist was on McClintock's patio without permission and had disrupted its guests. When he arrived at McClintock's, Officer Bennett found Blomquist on the patio as the manager had described. Under these circumstances, he had probable cause to arrest Blomquist for trespass under A.R.S. § 13-1503(A). *Cf. Blankenhorn v. City of Orange*, 485 F.3d 463, 472-73 (9th Cir. 2007) (describing facts supporting probable cause to arrest for criminal trespass under California law).

Having determined that probable cause existed to arrest Blomquist for trespass, we need not determine whether probable cause existed for the disorderly conduct charge. *See Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004).

4

III

The district court also correctly granted summary judgment on the retaliation claims. Because Plaintiffs lacked a First Amendment right to picket or otherwise occupy the site of the abandoned easement, they cannot establish that the individual defendants questioned, cited, or arrested them in retaliation for the exercise of their federal constitutional rights. *See Skoog v. Cnty. of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (stating elements of First Amendment retaliation claim).

IV

In summary, the district court properly granted summary judgment in favor of the Town and the individual defendants, as Plaintiffs were not engaged in constitutionally protected speech and the officers did not violate Plaintiffs' Fourth Amendment rights. We need not and do not reach any other issue urged by the parties.

**AFFIRMED.**